IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 MAR 11 PM 4:37

U.S. ᵁⁱˢ...
N.D. OF AL...

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. | } |
| | } |
| **Plaintiff** | } |
| | } |
| v. | } **CASE NO. CV-00-BE-3676-S** |
| | } |
| LINDA HARRISON HOUSE, LARRY RAY HOUSE, and THE UNITED STATES OF AMERICA, | } |
| | } |
| **Defendants** | } |

**ENTERED**

**MAR 1 1 2002**

| | |
|---|---|
| SOLOMON SMITH BARNEY, INC., | } |
| | } |
| **Plaintiff** | } **CONSOLIDATED WITH** |
| | } **CASE NO. CV-01-BE-0365-S** |
| v. | } |
| | } |
| UNITED STATES OF AMERICA, by and through its agency, the Internal Revenue Service, LARRY RAY HOUSE, and LINDA HARRISON HOUSE, | } |
| | } |
| **Defendants** | } |

75

LARRY R. HOUSE,                            }
                                           }
       Plaintiff/Counter-Defendant,      }
                                           }          CONSOLIDATED WITH
v.                                         }          CASE NO. CV-01-BE-0748-S
                                           }
MEDPARTNERS, INC.,                         }
                                           }
       Defendant/Third Party             }
       Plaintiff and Counter-           }
       Claimant,                        }
                                           }
v.                                         }
                                           }
LINDA HARRISON HOUSE and                   }
UNITED STATES OF AMERICA,                  }
                                           }
       Third Party Defendant.           }
                                           }
       Defendants

---

## <u>MEMORANDUM OPINION</u>

On December 14, 2001, this court entered its Order Granting in Part Larry House's Motion for Summary Judgment. In that Order, the court set a briefing schedule for the two remaining issues in this case: (1) how much, if any, of the $37,000 remaining in the court's registry should be applied to attorneys' fees claimed by Mr. House's lawyers; and (2) whether various stock option certificates and life insurance policies purportedly part of the interpleader action were properly before the court for disposition. Those issues have now been briefed and the court heard oral argument on the attorneys' fees issues on February 1, 2002.

<u>Attorneys' Fees</u>

In its order of December 14, 2001, the court ordered payment to Ogle, Liles and Upshaw

the sum of $67,695.33 as partial payment of its claim for attorneys' fees under 26 U.S.C. § 6321.

The United States had challenged the propriety of certain fees incurred by Mr. House that were

not directly related to creating the settlement fund that became the corpus interpled in this case

by Caremark, formerly known as MedPartners. The government's challenge to those fees is

presently before the court.

In an effort to encourage attorneys to pursue claims that might benefit the United States

Treasury, Congress has provided for a superpriority exception to the lien that arises under 26

U.S.C. § 6321 when a taxpayer fails to pay his taxes. 26 U.S.C. § 6323 (b)(8) protects attorneys'

fees by providing, in pertinent part:

> Even though notice of a lien imposed by section 6321 has been filed, such lien
> shall not be valid – . . . with respect to a judgment or other amount in a settlement
> of a claim . . . against an attorney who, under local law, holds a lien upon or a
> contract enforceable against such judgment or amount, to the extent
> of his reasonable compensation for obtaining such judgment or procuring
> such settlement . . .

The theory behind the superpriority provision is that the "attorney who helped to generate the

funds has priority in order to procure a judgment that benefits the taxpayer which ultimately

benefits the government through the creation of additional assets." *Reed & Steven v. Health Plan

of Florida, Inc.*, 81 F. Supp. 2d 1335, 1338 (S.D. Fla. 1999).

Although the court has attempted at length to find a case directly on point regarding the

award of attorneys' fees under 26 U.S.C. § 6323(b)(8), it has been unable to do so. Additionally,

neither party was able to offer a case analogous to this one. By Order entered December 14,

2001, based on the government's prior representation that such fees were properly recoverable,

the court awarded counsel for Mr. House $67,695.33 representing the work done in creating the

3

settlement fund. This underlying case, however, did not end with the creation of the settlement fund. Because of the unusual nature of this case, Mr. House's counsel had to take several additional steps to protect the fund after its creation.

Counsel for Mr. House fought and defeated the garnishment claims of Mr. House's ex-wife so that the settlement funds would be preserved for partial satisfaction of the tax lien. Had the garnishment not been defeated, the fund used in partial satisfaction of the tax lien may have ceased to exist. Counsel for Mr. House urged that the "'procuring such settlement' language of § 6323(b)(8) would have to go to include efforts to protect the settlement amount against third party claims for the very fund against which the lien of the United States was in conflict . . ." Def.'s Mem. in Support of Mot. Summ J. 4. The court agrees.

Because the United States was not a party to the state court action, the government would not have had standing to contest the validity of the garnishments. If not for Mr. House's counsel, the garnishments could not have been challenged, and "what good is a 'settlement' under 26 § 6323 if the proceeds of the settlement are intercepted by a third party?" Def.'s Mem. in Support of Mot. Summ. J. 4.

This case is distinguishable from other cases denying the award of attorney's fees in interpleader actions because this case is not a straight interpleader case. Ogle, Liles & Upshaw are not seeking an award of attorneys' fees for their efforts in interpleading funds. They are seeking attorneys' fees in connection with the preservation of the funds so that the government's tax lien could be partially satisfied. In fact, Ogle, Liles & Upshaw do not seek attorneys' fees after the point that Chief Judge Clemon indicated that he would defer to the state court regarding the validity of the garnishment.

4

Therefore, the court finds that the firm of Ogle, Liles & Upshaw is entitled to recovery of the disputed amounts of attorneys' fees incurred in suits for the benefit of the taxpayer and the government to preserve the funds created by the challenge of Mrs. House's garnishment actions. Counsel for Mr. House makes no claim for interest. In doing equity, the court declines to award interest here. By separate Order, the firm of Ogle, Liles & Upshaw will be awarded an additional $35,265.74 as attorneys' fees.

<u>Interpleader of Stock Options and Insurance Policies</u>

As a result of the litigation between MedPartners and Larry House, those parties reached a settlement agreement that, in addition to creating a monetary payment to Mr. House that was properly interpled, addressed issues involving certain employment benefits including stock options and life insurance policies. Additionally, the settlement agreement provided that the United States is entitled to first priority with respect to Mr. House's interest in and to the policies and stock options. See Ex. 1 to Response and Opposition of United States to the Letter Dated May 31, 2001 and Proposed Order Filed by Larry Ray House for the <u>Medpartners</u> Action <u>Filed Under Seal</u>.

When Caremark, formerly known as MedPartners, filed its interpleader action in state court, it included copies of stock option certificates and life insurance policies. The United States contends that the filing of these papers with the court somehow makes them properly before the court for some disposition of them. The court requested that counsel for the government provide the court legal authority for its contention. Counsel has not presented any such legal authority on this point and the court could find none.

In its brief, the government focused entirely on whether this court had jurisdiction to

entertain an interpleader action. See Response of United States to the Court's Order Entered on

December 14, 2001 and Third Supplement to Response and Opposition of United States to

Joinder of Caremark and Motion for Summary Judgment of Mr. House. Whether this court has

jurisdiction over the interpleader action is irrelevant. The question before this court at this time

is not to determine priority of the claims or whether the United States is a third party beneficiary

of the MedPartners/Caremark Agreement. Rather, the question before this court is whether

Caremark had the right or authority to interplead these pieces of paper and whether the court,

then, could determine who had rights to them.

　　　　The clearest statement of the proper subject for an interpleader action is found in 28

U.S.C. § 1335:

> The district courts shall have original jurisdiction of any civil action of
> interpleader or in the nature of interpleader filed by any person, firm, or
> corporation, association, or society having in his or its custody or possession
> money or property of the value of $500 or more, or having issued a note,
> bond, certificate, policy of insurance, or other instrument of value or amount
> of $500 or more . . .

　　　　Caremark is not an *issuer* of a life insurance policy or stock option certificate. While

Caremark did submit copies of the life insurance policy and stock option agreements to the

circuit court, Caremark had no interest or rights in those documents that Caremark could

interplead. The copies of these documents merely reflect contractual rights between Mr. House

and other entities, but carry no value and no rights separate from the agreements of the parties to

those contracts. The right to exercise the stock options is vested in Mr. House. Only Mr. House

and the insurance companies who are not parties to this action could affect any rights under the

life insurance policies. Having been presented with no legal authority supporting the

6

Government's contention that it has a claim to these pieces of paper and that this court has property authority over those pieces of paper, this court concludes that those pieces of paper were not properly part of the interpleader action.

Because Caremark fulfilled all of its obligations as Plaintiff in this interpleader action[1], it will be dismissed pursuant to the Final Order of Dismissal filed contemporaneously.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] Despite Counsel for the Government's concern that Medpartners/Caremark did not deposit copies of the stock option certificates and life insurance policies with the circuit court, this court, after a thorough search, determined that it did. See Notice of Second Filing of Documents Previously Filed Under Seal on June 5, 2001 and Supplement to Response and Opposition of United States to Joinder of Caremark and Motion for Summary Judgment of Mr. House 5-6. However, as this court finds that Medpartners had no rights in those policies and certificates, they were not properly interpled, and thus, whether they were deposited with the circuit court is irrelevant.